IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| **JARVIS D. JOHNSON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action Number |
| | ) | **3:12-cv-2438-AKK** |
| **SOCIAL SECURITY** | ) | |
| **ADMINISTRATION,** | ) | |
| **COMMISSIONER,** | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Plaintiff Jarvis D. Johnson ("Johnson") brings this action pursuant to Section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking review of the final adverse decision of the Commissioner of the Social Security Administration ("SSA"). This Court finds that the Administrative Law Judge's ("ALJ") decision - which has become the decision of the Commissioner - is supported by substantial evidence and, therefore, **AFFIRMS** the decision denying benefits.

### I. Procedural History

Johnson filed his applications for Title II disability insurance benefits and Title XVI Supplemental Security Income on April 19, 2010, alleging a disability

onset date of June 1, 2006 due to back and leg pain, poor vision, and arthritis in his hands. (R. 130-144, 195). After the SSA denied his application on July 29, 2010, Johnson requested a hearing. (R. 56-57, 84). At the time of the hearing on June 23, 2011, Johnson was 52 years old, had a tenth grade education, and past relevant light and unskilled work as a fast food worker. (R. 24, 172, 205). Johnson has not engaged in substantial gainful activity since June 1, 2006. (R. 19, 223).

The ALJ denied Johnson's claim on August 19, 2011, which became the final decision of the Commissioner when the Appeals Council refused to grant review on September 20, 2011. (R. 1-5, 26). Johnson then filed this action pursuant to section 1631 of the Act, 42 U.S.C. § 1383(c)(3). Doc. 1.

## II.  Standard of Review

The only issues before this court are whether the record contains substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards, *see Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. §§ 405(g) and 1383(c) mandate that the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'" *Martin v. Sullivan*, 894 F.2d 1520, 1529

(11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is "reasonable and supported by substantial evidence." *See id*. (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 849 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the court must affirm the Commissioner's factual findings even if the preponderance of the evidence is against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, it notes that the review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

### III.  Statutory and Regulatory Framework

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairments which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve

months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(I). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Determination of disability under the Act requires a five step analysis. 20 C.F.R. § 404.1520(a)-(f). Specifically, the Commissioner must determine in sequence:

(1) whether the claimant is currently unemployed;

(2) whether the claimant has a severe impairment;

(3) whether the impairment meets or equals one listed by the Secretary;

(4) whether the claimant is unable to perform his or her past work; and

(5) whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id*. at 1030 (citing 20 C.F.R. § 416.920(a)-(f)). "Once a finding is made that a claimant cannot return to prior work the burden shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

### IV.  The ALJ's Decision

In performing the Five Step sequential analysis, the ALJ initially determined that Johnson had not engaged in substantial gainful activity since his alleged onset date and therefore met Step One.  (R. 19).  Next, the ALJ acknowledged that Johnson's severe impairment of chronic back pain with radiation into the left leg met Step Two.  (R. 20).  The ALJ then proceeded to the next step and found that Johnson did not satisfy Step Three since he "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments."  (R. 21).  Although the ALJ answered Step Three in the negative, consistent with the law, *see McDaniel*, 800 F.2d at 1030, the ALJ proceeded to Step Four, where he determined that Johnson had the residual functional capacity ("RFC") to "perform the full range of medium work."  (R. 21).  In light of Johnson's RFC, the ALJ determined that Johnson was "capable of performing past relevant work as a fast food worker."  (R. 24).  Therefore, because the ALJ answered Step Four in the negative, the ALJ determined that Johnson is not disabled.  (R. 25); *see also McDaniel*, 800 F.2d at 1030.

### V.  Analysis

Johnson states in his Complaint that he seeks "judicial review of a decision

of the Defendant adverse to the Plaintiff." Doc. 1 at 1. The court has reviewed the entire record and the ALJ's decision and finds no error. Therefore, for the reasons discussed below, the court finds that the ALJ's decision is supported by substantial evidence.

A.   *Severe vs. non-severe impairments*

Again, Johnson alleges disability because of chronic back and leg pain, poor vision, and arthritis. The ALJ determined that Johnson's chronic back and leg pain are severe impairments under 20 C.F.R. §§ 404.1520(c) and 416.920(c), but that Johnson's poor vision and arthritis are non-severe.[1] (R. 20, 21). Presumably, Johnson contends that the ALJ erred in failing to find that Johnson's poor vision and arthritis are severe impairments. However, Johnson failed to present sufficient evidence to the ALJ to support his claim. In fact, based on a review of the scarce medical record before the court, the ALJ's finding is supported by substantial evidence.

As it relates to Johnson's alleged vision impairment, the record contains

---

[1] The ALJ properly assigned "little weight" to non-examining physician Dr. Robert Helipern's opinion that Johnson's back and leg pain were non-severe because "the evidence at the hearing level shows the claimant's back and leg pain causes more than minimal limitations on his ability to do work activity." (R. 24, 429). The ALJ also found that Johnson's "medically determinable mental impairment of estimated mild mental retardation does not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and is therefore non-severe." (R. 20). The court declines to address this issue, however, because Johnson did not claim mild mental retardation as a basis for disability.

only two examinations, neither of which supports Johnson's contentions. The first examination occurred in 1999 at the Limestone Correctional Facility and it showed Johnson's vision at 20/70 in his left eye and 20/25 in his right eye. (R. 342). The second examination occurred in 2010 when consulting examiner Dr. Patricia Auxier performed a visual examination and recorded Johnson's vision as 20/50 in his left eye and 20/20 in his right eye. (R. 21, 422). Based on these examinations, another consulting examiner Dr. M. Clarke Woodfin, Jr. noted that Johnson "has [a] near glasses prescription only."[2] (R. 342, 389). In short, the record fails to support Johnson's allegation of disabling vision. Therefore, the ALJ's finding that Johnson's vision is non-severe is supported by substantial evidence.

Similarly, the record fails to support Johnson's contentions that he suffers from disabling arthritis. As the ALJ properly noted, Dr. Woodfin noted "no arthritic changes . . . in his hands" and full range of motion "in all joints without apparent discomfort, specifically including the shoulders and upper extremities," and Dr. Auxier reported normal dexterity, strength, and grip in the upper extremities. (R. 390, 423). Nothing in Drs. Woodfin's and Auxier's evaluations

---

[2]While the ALJ assigned "little weight" to Dr. Woodfin's opinion because his treatment notes regarding Johnson's pain are inconsistent with his opinion, as discussed *infra* in section B., the court nonetheless considers Dr. Woodfin's objective assessments of Johnson's vision and arthritis since it is consistent with the record as a whole.

or any other documents in the record supports Johnson's contention that he has disabling arthritis. Therefore, the ALJ's finding that Johnson's arthritis is a non-severe impairment is supported by substantial evidence.

B.   *Johnson's RFC is supported by substantial evidence*

The ALJ determined that Johnson has an RFC to perform a full range of medium work, including his past relevant work as a fast food worker. (R. 24). Presumably, Johnson disagrees with this RFC. However, the meager medical evidence fails to support Johnson's contention that he has disabling pain. Johnson's medical record begins with the health record from the Alabama Department of Corrections ("ADOC"), which, unfortunately for Johnson, does not support his disability claim. As the ALJ correctly noted, "while in prison [Johnson] did not seek pain medication or treatment in regards to any type of pain." (R. 23). Rather, the ADOC record consists primarily of Johnson's mental evaluations, urological consultations, and an eye examination. (R. 326-383). Furthermore, Johnson testified that he worked in the kitchen without restrictions during his incarceration from 2006-2009. (R. 37, 50).

The rest of the medical record also fails to support the pain Johnson alleges. For example, in January 2010, Dr. Woodfin reported that Johnson is without tenderness or deformity in his spine, "sat 10 minutes . . . without getting up and

moving around," had an "erect" gait without a limp, "arises from sitting and sits down in a normal fashion at [a] normal speed," "moves about the room without apparent physical limitation," "stands well on either leg alone," walks well in tandem and on his toes and walks fair on his heels, and "goes from sitting to supine to sitting by contracting the abdominal musculature, not by turning to one side to let himself up or down with the arms as someone with a bad back problem might do." (R. 390). Basically, according to Dr. Woodfin, Johnson had "a pain-free examination, by all appearances." (R. 390). In light of Dr. Woodfin's findings, the ALJ correctly gave Dr. Woodfin's opinion that Johnson's back pain "would seem to be an avoidance-type back, e.g., if the claimant avoids frequent bending and heavy lifting he should get along fairly well" "little weight" because the opinion "appears to be inconsistent with his examination and notations." (R. 24, 390, 391).

Finally, in July 2010, Dr. Auxier evaluated Johnson and reported that Johnson had no lumbar spine spasms or deformities, a slow and deliberate gait with a limp, the ability to "partially squat down and get back up" but cannot heel or toe walk, decreased strength in the "left lower extremity at 3/4 compared to 4/4 on the right," normal range of motion in the hips, knees, and ankles, and 80% flexion in the lumbar spine. (R. 423). Consequently, Dr. Auxier diagnosed

Johnson with "chronic back pain with radiation down into his left leg with mild atrophy associated with the left calf." (R. 424). Although the ALJ failed to assign weight to Dr. Auxier's opinion, the court notes that there is nothing in the diagnoses that is inconsistent with the ALJ's finding that Johnson can perform medium work and his past relevant work as a fast food worker. Therefore, based on the record before the court, the ALJ's opinion is supported by substantial evidence.

C.   *Johnson's credibility*

Finally, the ALJ considered also Johnson's credibility and found that Johnson's alleged limitations "appear to be very inconsistent with his daily activities and thus do not lend to the credibility of the claimant's allegations." (R. 23). The court agrees. As the ALJ noted, Johnson stated in a functional report that he watches television, attends church regularly, plays cards with friends, cooks meals, and mows the yard. (R. 23, 249, 257). Also, Johnson testified that he picks up cans and sells them, lives alone, and works for a neighbor by cleaning her backyard after her dog, shaping her hedges, vacuuming her car, and planting her flowers. (R. 23-24, 40). As the ALJ pointed out, these activities are generally inconsistent with Johnson's contention of disabling pain. To make matters worse for Johnson, as the ALJ stated, Johnson testified that he "could take a part time

job" and has not succeeded in obtaining one because "[t]hey tell me well I'm an ex-convict, the jobs I'm trying to get they won't hire ex-convicts." (R. 22, 49). Johnson's inability to get work because of his status as a felon, while unfortunate, does not establish that he has a disability. Finally, Johnson also hurt his disability claim when he testified that he tells prospective employers that he can only work part-time hours to ensure that he does not adversely impact his disability claim: "[I] told them that I'm trying to draw this [disability] here. I can't make more than I draw and if I get a part time job, about 15-20 hours I would be all right." (R. 50).

Contrary to Johnson's contentions in his disability claim, it is clear from Johnson's testimony that he has the physical ability to work and, in fact, does so for his neighbor. To the extent that Johnson is unable to obtain regular employment, his own testimony makes clear that it is either because of his attempt to manipulate the system to receive disability payments or because some employers are put off by his status as a felon. To no surprise, based on the inconsistencies between Johnson's testimony and his claim and the failure of the record to demonstrate that Johnson's impairments are disabling, the ALJ found Johnson's statements lacked credibility. (R. 23, 24). The court sees no reason to disturb this finding because it is supported by substantial evidence.

## VI. Conclusion

Based on the foregoing, the court concludes that the ALJ's determination that Johnson is not disabled is supported by substantial evidence, and that the ALJ applied proper legal standards in reaching this determination. The final decision of the Commissioner is, therefore, **AFFIRMED**. A separate order in accordance with this memorandum of decision will be entered.

Done the 19th day of April, 2013.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE